# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

DEMORRIS BIRION                                                                                     PETITIONER
Reg. #18626-030

v.                                           2:22-cv-00177-DPM-JJV

YATES, Warden, Forrest City Low                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

I.       INTRODUCTION

Petitioner Demorris Birion, an inmate at the Federal Correctional Institution – Forrest City Low, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  He alleges prison personnel have violated his civil rights by failing to provide him a medical device known as a CPAP machine.  (*Id*. at 2, 6-7.)  For relief, he requests a court order directing the prison to provide one.  (*Id*. at 8.)  I have conducted a preliminary review of Mr. Birion's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts.[1] Based on that review, it plainly appears Mr. Birion is not entitled to habeas relief. Accordingly, I recommend the Petition be dismissed without prejudice.

## II. ANALYSIS

The essence of Mr. Birion's claim is that the prison's refusal to provide him a CPAP machine constitutes deliberate indifference to his medical needs and violates "his civil rights, BOP Policy, and the law." (Doc. No. 1 at 6-7.) Such a claim is not cognizable in habeas corpus and is more suited for an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal analog to 42 U.S.C. § 1983. The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If a prisoner is not challenging the validity of his conviction or the length of his detention, "then a writ of habeas corpus is not the proper remedy," and the district court lacks jurisdiction to issue a writ. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). If a prisoner is making a constitutional challenge to the conditions of his prison life – but not to the fact or length of his custody – then a § 1983 or *Bivens* action is the proper remedy. *Preiser*, 411 U.S. at 499.

Mr. Birion does not challenge his conviction, nor does he seek a remedy that would result in an earlier release from prison. Rather, he contends the prison's refusal to provide certain medical care violates the law. Accordingly, his claim relates to the conditions of his confinement, and a habeas petition is not the proper claim to remedy his alleged injury. *See Spencer v. Hayes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

---

[1] Pursuant to Rule 1(b), the § 2254 Rules are applicable to other types of habeas corpus petitions.

The United States Court of Appeals for the Eighth Circuit has counseled that the "appropriate construction" in cases such as this one would be to convert Mr. Birion's claim to a *Bivens* action, after having obtained his consent to do so. *Id.* at 471. However, at the outset of this case, I informed Mr. Birion that his claim appeared to be more accurately described as a *Bivens* claim and invited him to proceed accordingly. (Doc. No. 2.) He declined to do so. Additionally, the only named respondent is the warden who has custody of Mr. Birion. Presumably, he would not be an appropriately named defendant in a *Bivens* case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (vicarious liability is inapplicable to *Bivens* suits, and a plaintiff must plead that each defendant, through the official's own individual actions, violated the Constitution). For these reasons, I find the most fair and efficient disposition would be to dismiss Mr. Birion's habeas action without prejudice and allow him to proceed with a separate *Bivens* action if he so chooses.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Birion's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 3rd day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE